DECISION
Plaintiffs have appealed Defendant's disqualification of 10.50 acres of their land from special assessment under the Western Oregon designated forestland program. Plaintiffs seek a waiver or extension of the deadline provided in ORS 308A.724[1]
for deferral of the taxes imposed as a result of the disqualification. The court held a case management hearing with the parties by telephone November 3, 2010. Plaintiffs appeared on their own behalf. Defendant was represented by Tony Hunter, Senior Appraiser, Clackamas County Assessor's office. For the reasons set forth below, the court concludes the relief requested must be denied.
 I. STATEMENT OF FACTS
The pertinent facts are as follows. Plaintiffs have slightly less than 25 acres of land identified in the assessor's records as Account 01103166 (map # 52E13 00400). The land has for a number of years benefited from reduced property taxes under Oregon's special assessment program applicable to designated forestland in Western Oregon. See generally ORS 321.257 through ORS 321.390.
On May 19, 2010, Defendant removed 10.50 acres of the property from forestland special assessment under that program because the property was found to not meet the minimum *Page 2 
stocking requirements as provided in ORS 321.367(1) and statutes cited therein. Plaintiffs do not dispute that the property failed to meet the minimum stocking requirements. Instead, Plaintiffs have asked the court to waive or extend the deadline for deferral of the imposition of the taxes based on "medical hardship." ORS 308A.724 (providing for deferral of the imposition of the taxes, as discussed below).
Plaintiffs seek to qualify the subject property (the 10.50 acres) for special assessment as unzoned farmland, by cutting the Christmas trees that currently exist on the property and then leasing the land to a neighbor who will grow and harvest hay and, possibly, graze cattle on that land. Such a change in use, if properly and timely undertaken, would qualify the land for farmland special assessment and, upon timely application following disqualification from designated forestland, entitle Plaintiffs to deferral of the taxes Defendant imposed.
 II. ANALYSIS
Defendant disqualified the subject property under the provisions of ORS 308A.703(1)(c), and imposed additional taxes under subsection (2) of that statute. ORS 308A.706 precludes imposition of the additional taxes provided the land meets one of the statutorily enumerated conditions.
Plaintiffs sought to qualify their 10.50 acres for special assessment as nonexclusive farm use zone farmland, as provided in ORS 308A.706(1)(d)(B), and thereby forestall the imposition of the additional taxes.
ORS 308A.724 provides a prerequisite for deferring the additional taxes under ORS 308A.706. A property owner seeking such deferral must file a timely application as required by subsection (1) of ORS 308A.724. The deadline in this case was "on or before *Page 3 
August 1 of [the] year [of disqualification]," which was August 1, 2010, because the disqualification occurred in May 2010. ORS 308A.724(1)(b). Plaintiffs missed that deadline.
Defendant's representative thought there was an exception to the application deadline in cases of medical hardship, although he could not direct the court to any specific statute or regulation. The court perused the applicable laws and regulations and was unable to locate any exception based on medical hardship. Moreover, were such a provision to exist, it is unlikely that it would apply in this case because the basis for Plaintiffs' medical hardship claim was the two-day hospitalization of Plaintiff Lynda Lay (Lynda) on May 19 and May 20, 2010. The disqualification notice was issued May 19, 2010, the first of the two days Lynda was in the hospital for a possible heart attack. However, there is no indication that Plaintiff Jeffrey Lay (Jeffrey) was hospitalized and, more importantly, Lynda was released from the hospital the evening of May 20, 2010, which gave Plaintiffs more than two months to file their application for deferral of the taxes based on a change in the use of the property. Generally, such circumstances would preclude relief on the grounds of hardship.
 III. CONCLUSION
Based on the foregoing, the court concludes that Plaintiffs' request for deferral of the taxes imposed on 10.50 acres of the subject property following disqualification of that land from special assessment as Western Oregon designated forestland must be denied because they did not make timely application for such relief and there is no legal basis for waiver or extension of the statutory application deadline. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal for the 2010-11 tax year is denied.
Dated this ___ day of February 2011 .
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 9, 2011. The Court filed and entered this documenton February 9, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1